UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOMERO MUNOZ, JR., YESENIA
GONZALEZ, individually, and as next of
friend to N.M. and A.M.,

    Plaintiffs,

v.                                                      Case No: 2:17-cv-478-FtM-38CM

FRANKIE SANCHEZ d/b/a F
SANCHEZ TRUCKING

    Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on *sua sponte* review of the Complaint. (Doc. 1). Plaintiffs bring this negligence suit against Frankie Sanchez d/b/a F Sanchez Trucking for injuries they sustained while passengers in a tractor-trailer driven by Sanchez. Plaintiffs cite diversity jurisdiction as the basis for this Court's subject matter jurisdiction. (Doc. 1 at ¶ 3).

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

410 (11th Cir. 1999) (citations omitted). In an action filed directly in federal court, a plaintiff bears the burden of adequately pleading, and ultimately proving jurisdiction. *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007). Federal courts have original jurisdiction over a case if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). Here, the diversity of citizenship prong poses a jurisdictional hurdle.

As best the Court can tell, Plaintiffs are suing Frankie Sanchez in his corporate capacity. But they merely allege that Sanchez resides in Immokalee, Florida. (Doc. 1 at ¶¶ 2, 4). This is insufficient. *See, e.g.,* 28 U.S.C. § 1332(c)(1) (stating "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (stating a limited liability company is a citizen of every state in which one of its members is located). And even if Plaintiffs are suing Sanchez in his individual capacity, residence is not *per se* sufficient to establish domicile. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (stating that an individual is a citizen where he is domiciled, not necessarily where he is a resident). Because Plaintiffs have not adequately pleaded diversity of citizenship, the Court lacks subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. 1) is **DISMISSED without prejudice**. Plaintiffs have up to and including **September 14, 2017**, to file an amended complaint that properly alleges

this Court's subject matter jurisdiction. **Failure to do so will result in this case being dismissed without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of August, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record